KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONTARUS WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| DOUGLAS COUNTY, KANSAS, and ) | |
| ) | |
| FORMER DISTRICT ATTORNEY CHARLES E. ) | |
| BRANSON of Douglas County, Kansas, ) | |
| in his individual and official capacity, ) | |
| ) | |
| SHERIFF JAY ARMBRISTER of Douglas ) | |
| County, Kansas, in his individual and official ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff Rontarus Washington ("Rontarus"), for his cause of action against Defendants,

Douglas County, Kansas ("Douglas County"), the Former District Attorney Charles E. Branson

("DA Branson"), and Sheriff Jay Armbrister ("Sheriff Armbrister") states and alleges as follows:

**Parties**

1. Rontarus is a resident of the State of Georgia.

2. Former District Attorney Charles E. Branson, was at all times relevant, District Attorney

of Douglas County, Kansas and may be served with process at 3550 S.W. 5th Street, Topeka, KS

66606.

3.   Sheriff Armbrister, was at all times relevant, the Sheriff of Douglas County, Kansas and may be served with process at 111 East 11th, Lawrence, KS 66044.

4.   Douglas County is a County in Kansas and can be served with process by service on the Douglas County, Kansas Clerk at County Clerk at 1100 Massachusetts Street, Lawrence, Kansas 66044.

**Jurisdiction**

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

**Venue**

6.   Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391(b)(1-2).

**Allegations of Fact**

7.   Rontarus is a 26-year-old African American male who resides at 248 Deerwood Dr., Hinesville, GA 31313.

8.   On or about January 12, 2015, Rontarus was charged with murder and aggravated burglary of Justina Mosso of Lawrence, Kansas and his bond was initially set at $750,000, which he could not raise.

9.   Rontarus suffers from an intellectual disability that makes it difficult for him to learn and comprehend. While Rontarus was in custody, at least two orders were entered for competency examinations due to concerns regarding his ability to stand trial.

10. Rontarus' case did not proceed to trial until September of 2019.  At that time, a four-week trial resulted in a mistrial because the jury could not reach a verdict.

11. Rontarus was held in the Lawrence County, Kansas jail from January 2015 through July 1,

2020, when he was released on a reduced bond of $500,000 after a crowdfunding effort.  In total, Rontarus served approximately 5 years and 5 months in the Douglas County Jail without a conviction.

12. During the pendency of the case, Rontarus was appointed or retained approximately seven different attorneys at one point or another.  In April of 2021, he received representation from the Midwest Innocence Project.

13. However, the dismissal of his case was not announced for another year and half on December 21, 2021and the case was ultimately dismissed with prejudice on December 27, 2021.

14. Another suspect was eventually arrested and charged with the murder of Justina Rosso. That suspect was Felipe Cantu, her husband.

15. It is Rontarus' understanding that his case was dismissed because the Defendants had arrested, incarcerated and tried the wrong man.

16. At multiple points along the tortured path of Rontarus' criminal case, he was assigned multiple attorneys, which caused numerous delays and continuances.

17. Also because of his disability, Rontarus was not in a position to appreciate how the numerous motions to continue his criminal case would affect the length of his pre-trial confinement.

**Theories of Recovery**

## COUNT I

## KANSAS TORTS CLAIMS ACT (KCTA)

18. Rontarus realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

19. Rontarus was subjected to lawful but wrongful legal process which resulted in his

imprisonment for five and half years.

20. Defendants had customs or policies which led to Rontarus' constitutional rights being violated by Defendants.

## COUNT II

## CONSTITUTIONAL DEPRIVATION

21.    Rontarus realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above.

22.    The Defendants failed to fully and adequately investigate Rontarus' case in a manner consistent with the search for truth.

23.    The Defendants failed to diligently and timely prosecute Rontarus' case to its logical conclusion after it was filed and Rontarus was taken into custody.

24.    The Defendants violated Rontarus' federal rights when he was kept in prison, in excess of five years, for a crime that he did not commit, and the charges against him were eventually dismissed. As a result, Rontarus was deprived of his rights and privileges secured by the Constitution and laws of the United States.

25. Rontarus asserts his claim under the procedural due process section of the 14th Amendment. Rontarus was held for a lengthy period of time, he was released from custody on a reduced bond, and then the charges against him were dismissed.

26. According to the 10th Circuit Court of Appeals, this situation creates a claim against the government entity who wrongfully imprisoned the individual, a claim which is analogous to one for malicious prosecution. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008).

27. Pursuant to 42 U.S.C. § 1983, Rontarus is entitled to damages in excess of $75,000.00.

28. Pursuant to 42 U.S.C. § 1988(b), Rontarus is entitled to be compensated for his attorney's

fees.

WHEREFORE, Rontarus requests that the Court enter judgment in his favor and against the Defendants in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against the Defendants; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

Dated: February 15, 2023.

RESPECTFULLY SUBMITTED,

/s/ Larry G. Michel
Larry G. Michel, #14067
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]
lmichel@kenberk.com
ckellogg@kenberk.com
ATTORNEYS FOR PLAINTIFF

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby requests, pursuant to Fed. R. Civ. P. 38(b), that all issues of fact be tried to a jury.

/s/ Larry G. Michel
Larry G. Michel

**DESIGNATION OF PLACE OF TRIAL**

Pursuant to D.Kan. Rule 40.2, Plaintiff designates Kansas City, Kansas as the place of Trial.

/s/ Larry G. Michel
Larry G. Michel