# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONTARUS WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-02063-JWB-RES |
| | ) |
| DOUGLAS COUNTY, KANSAS, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS DOUGLAS COUNTY, KANSAS, KENNETH MCGOVERN, RANDY ROBERTS, AND JAY AMBRISTER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendants, Douglas County, Kansas, Kenneth McGovern, Randy Roberts and Jay Armbrister [collectively the "Douglas County" Defendants] and for their answer to Plaintiff's First Amended Complaint state and allege as follows:

1. The Douglas County Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1.

2. The Douglas County Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2.

3. The Douglas County Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 3.

4. The Douglas County Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4.

5. The Douglas County Defendants deny the allegations in Paragraph 5.

6. Paragraph 6 is denied.

7. The Douglas County Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims.

8. Paragraph 8 is admitted.

9. With regard to Paragraph 9, the Douglas County Defendants admit that Plaintiff is an African-American male but are without sufficient knowledge or information to admit or deny the remaining allegations.

10. Paragraph 10 is admitted.

11. With regard to Paragraph 11, the Douglas County Defendants are without sufficient knowledge or information to admit or deny whether Plaintiff suffers from an intellectual disability but admit that while in custody he underwent two competency examinations both of which determined that he was competent to stand trial.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is admitted.

16. With regard to Paragraph 16, the Douglas County Defendants are unable to admit or deny the allegations pertaining to Plaintiff's understanding. They deny that the case was dismissed because the wrong man had been arrested.

17. With regard to Paragraph 17, the Douglas County Defendants admit that Plaintiff was assigned or retained multiple attorneys throughout the case and that there were numerous delays and continuances occasioned by these attorneys.

18. Paragraph 18 is denied.

19. With regard to Paragraph 19, the Douglas County Defendants incorporate by reference their admissions and denials to Paragraphs 1-18 as if fully set forth herein.

20. With regard to Paragraph 20, the Douglas County Defendants deny that Plaintiff was subjected to wrongful legal process.

21. Paragraph 21 is denied.

22. With regard to Paragraph 22, the Douglas County Defendants incorporate by reference their admissions and denials to Paragraphs 1-21 as if fully set forth herein.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Further answering, the Douglas County Defendants allege that Plaintiff fails to state a claim upon which relief may be granted.

31. Further answering, the Douglas County Defendants allege that each and every allegation not specifically admitted herein is denied.

32. Further answering, the Douglas County Defendants allege that to the extent Plaintiff fails to plead and comply with the provisions of K.S.A. § 12-105b, he lacks standing and this Court lacks subject matter jurisdiction.

33. Further answering, Plaintiff's claims are barred, in whole or in part, by laches, waiver and or estoppel.

34. Further answering, the Douglas County Defendants allege that Plaintiff's state tort damages, if any, are capped by state statutes including but not limited to K.S.A. § 12-105b and § 75-6105.

35. Further answering, the Douglas County Defendants allege that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

36. Further answering, the Individual Douglas County Defendants allege that they are entitled to immunity at common law, pursuant to K.S.A. § 75-6104, and qualified immunity.

37. Further answering, the Douglas County Defendants allege that Plaintiff's arrest was based upon probable cause followed by a preliminary hearing and being bound over for trial.

38. Further answering, the Douglas County Defendants allege that Plaintiff received all process due to him.

39. Further answering, the Douglas County Defendants allege that their conduct, if any, was not the proximate cause of any damage asserted by Plaintiff.

40. Further answering, the Douglas County Defendants allege that Plaintiff's damages, if any, were as a result of intervening and superseding action(s).

41. Further answering, the Douglas County Defendants assert each and every affirmative defense available under Rule 8 and K.S.A. § 60-208 as may be revealed during the course of this action.

42. Further answering, the Douglas County Defendants assert that the conduct of the Individual Defendants was objectively reasonable under the conditions existing at the time of Plaintiff's arrest and prosecution.

43. Further answering, the Douglas County Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

44. Further answering, the Douglas County Defendants reserve the right to assert any additional defenses revealed during the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, the Douglas County Defendants pray that Plaintiff take nothing by his action, for their costs and attorney's fees pursuant to 42 U.S.C. § 1988 and for such other relief as the Court deems just and equitable.

# DEMAND FOR JURY TRIAL

The Douglas County Defendants request a trial by a 12-person jury on all triable issues.

Respectfully submitted:

FISHER, PATTERSON, SAYLER & SMITH, LLP

 /s/  Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757/Fax: (913) 660-7919
mseck@fpsslaw.com
**ATTORNEY FOR DEFENDANTS DOUGLAS COUNTY, KANSAS, FORMER SHERIFF KENNETH MCGOVERN, FORMER SHERIFF RANDY ROBERTS, AND SHERIFF JAY ARMBRISTER**

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading this 29th  day of March 2023, with the Clerk of the Court by using the ECF system and served said pleading by *e-mail* to the following:

Larry G. Michel, #14067
Chris J. Kellogg, #21651
KENNEDY BERKLEY
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674
(785) 825-5936 Fax
lmichel@kenberk.com
ckellogg@kenberk.com
**ATTORNEYS FOR PLAINTIFF**

 /s/ Michael K. Seck
Michael K. Seck, #11393