## DECLARATION OF JAMIE SHEW

I, Jamie Shew, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury and the law of the United States of America that the following is true and correct:

1. I am the duly elected County Clerk of Douglas County, Kansas.

2. In that position, one of my jobs is to receive and maintain for the Board of County Commissioners notices served pursuant to K.S.A. § 12-105b.

3. With regard to Rontarus Washington, the only Notice that purports to be under the statute is dated July 22, 2022, and was received by me on July 27, 2022.

4. A genuine copy is attached at Exhibit A.

Executed on this 10 day of March 2023.



Jamie Shew

{00373185}



119 W. Iron Ave., 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
Phone: 785.825.4674
Fax: 785.825.5936
www.kenberk.com

Office of Larry G. Michel
lmichel@kenberk.com

**VIA CERTIFIED MAIL**

July 22, 2022

Jamie Shew
Douglas County Clerk
1100 Massachusetts St., 1st Floor
Lawrence, KS 66044

[DOUGLAS COUNTY CLERK stamp: JUL 27 '22 AM10:58]

RE:   Rontarus Washington-Wrongful Incarceration

Dear Mr. Shew:

Please be advised that this firm has been retained to represent Rontarus Washington (hereinafter "Rontarus") in connection with his claims against Douglas County. We are writing this letter to provide notice of claim in accordance with K.S.A. 12-105b. Please direct all future communications regarding this matter to this office at the above address and phone number.

**Names and Addresses**

The name and address of the claimant is:

Rontarus Washington
248 Deerwood Dr.
Hinesville, GA 31313

The names and address of claimant's attorneys are:

Larry G. Michel
Chris J. Kellogg
Kennedy Berkley
P.O. Box 2567
Salina, KS 67402-2567

**Factual Basis of Claim**

Rontarus was incarcerated in the Douglas County Jail ("Jail") beginning in late 2014. On January 12, 2015, he was charged with one count each of murder and aggravated burglary in the death of Justina Mosso. Rontarus was held in Jail on a bond of $750,000 until his bond was eventually reduced and his case dismissed. During the case, Rontarus was held in Jail for five and a half years, more than four and a

**EXHIBIT A**

Jamie Shew
July 22, 2022
Page 2

half of which occurred prior to his trial, which took place in September of 2019, the result of which was a mistrial; Rontarus was never found guilty on either charge.

After Rontarus' bond was set, attorney Blake Glover was appointed to represent him on March 17, 2015. However, that representation was short lived as Sarah Swain took over the representation of Rontarus on April 13, 2015. Ms. Swain then withdrew as counsel on January 19, 2016, and Angela Keck was appointed on January 25, 2016. Ms. Keck remained counsel for Rontarus until March 25, 2021, when Carol Cline was appointed to represent Rontarus. Then, on May 4, 2021, Melanie Morgan took over representation of Rontarus and Tricia Bushnell and Joshua Dubin assisted her pro hac vice.

A preliminary hearing was held on Rontarus' case on September 3 and 4, 2015. Then, on February 24, 2016, an order for a competency examination was entered for Rontarus to be examined as to whether he was competent to stand trial. On April 24, 2017, a second order for competency examination was entered and on October 16, 2017, the court also issued an order for Rontarus to be transferred to Larned State Hospital ("Larned") for the evaluation. Rontarus was evaluated because he has a learning disability which makes it difficult for him to understand some things. However, following his evaluation at Larned, Rontarus was found competent to stand trial.

During the course of this case, the trial of this matter was continued several times at the request of Rontarus. The first such request was on August 18, 2016, followed by a second request on November 29, 2016. Then again in May of 2018, Rontarus requested that the trial be continued. And finally, in March of 2019 Rontarus made his final request to continue the trial. While there were significant delays bringing this matter to trial, and although many were attributable to Rontarus, the requested continuances do not explain why Rontarus remained incarcerated for five and a half years on a crime for which charges were ultimately dismissed.

Rontarus' trial was finally held in September 2019 and resulted in a mistrial; the jury could not come to a unanimous verdict. This ultimately resulted in his bond reduction nearly a year later in July 2020 when Rontarus' it was reduced to $500,000. When his bond was reduced, Rontarus' family was able to raise the necessary ten percent of that amount in order to get him released from Jail. However, it took another year and a half before Rontarus' case was dismissed by the District Attorney's Office. It is our understanding that the case was ultimately dismissed because the District Attorney felt that Rontarus was not the correct suspect, i.e., he did not commit the crimes for which he was charged.

Our chief concern, however, is the fact that Rontarus spent so much time in Jail awaiting trial and then again before the charges were ultimately dismissed. I think everyone can agree that five and a half years of confinement is an inexcusable time to be incarcerated on case that was dismissed in Rontarus' favor. Yet, when this case was dismissed Rontarus did not get so much as an apology from the District Attorney's Office.

**Public Officers and Employees Involved**

See individuals identified in the factual basis of the claim.

**Nature and Extent of Injury**

Rontarus asserts claims against Douglas County under 42 USC §1983 via the 14th Amendment due process clause to the United States Constitution because he was imprisoned pursuant to legal but wrongful



Jamie Shew
July 22, 2022
Page 3

process. Rontarus asserts his claim under procedural the due process section of the 14th Amendment. Rontarus was held for a lengthy period of time, he was released from custody on a reduced bond, and then the charges against him were dismissed. According to the 10th Circuit Court of Appeals, this situation creates a claim against the government entity who wrongfully imprisoned the individual, a claim which is analogous to one for malicious prosecution. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008). In the words of your own District Attorney: "The degree to which this matter has been permitted to languish calls into question the integrity of the criminal justice system." We could not agree more.

**Amount of Damages Claimed**

Rontarus' claims damages for his wrongful incarceration, lost wages, mental anguish, and for loss of society in an amount to exceed $3,000,000.00.

If you have any questions or require additional information, please advise.

Very truly yours,

Larry G. Michel
KENNEDY BERKLEY

LGM/cjk
xc.   Rontarus Washington



