IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONTARUS WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-CV-02063-JWB-KGG |
| ) | |
| DOUGLAS COUNTY, KANSAS, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT CHARLES BRANSON'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant former Douglas County District Attorney Charles E. Branson ("DA Branson") moves the Court to dismiss Plaintiff Rontarus Washington's ("Plaintiff") claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff asserts both a state claim and a federal claim against DA Branson related to the plaintiff's prosecution in a Douglas County, Kansas criminal case.

However, plaintiff's First Amended Complaint fails to state a claim for which relief can be granted. Plaintiff's state claim fails because:

1) DA Branson is entitled to absolute prosecutorial immunity;

2) Plaintiff's claim is barred by the statute of limitations; and

3) Plaintiff has made no allegation that DA Branson acted without probable cause or with malice.

1

Plaintiff's federal claim fails because:

1) DA Branson is entitled to absolute prosecutorial immunity;

2) Plaintiff does not state a claim for relief that is plausible on its face.

3) Plaintiff has not met his burden to provide fair notice of the grounds for the claims made against each defendant.

For these reasons, DA Branson is entitled to a dismissal of this action. To the extent relevant, DA Branson adopts and incorporates by reference the Douglas County Defendants' Motion for Judgment on the Pleadings and accompanying Memorandum (Docs. 13 and 14).

## Statement of Facts

This Statement of Facts is based on the following allegations made by plaintiff:

1. Plaintiff has sued former District Attorney Charles Branson, former Sheriff Ken McGovern, former Sheriff Randy Roberts, and current Sheriff Jay Armbrister. (First Amended Complaint)

2. On January 12, 2015, plaintiff was charged with murder and aggravated burglary of Justina Mosso of Lawrence, Kansas. (First Amended Complaint, ¶ 10)

3. Plaintiff's pretrial detention was pursuant to court-ordered detention and bond requirement. (First Amended Complaint, ¶¶ 10, 13)

4. During the pendency of his criminal case, plaintiff was appointed or retained approximately seven different attorneys. (First Amended Complaint, ¶ 14)

2

5. At multiple points during his pending criminal case, plaintiff was assigned multiple attorneys, which caused numerous delays and continuances. (First Amended Complaint, ¶ 17)

6. Plaintiff's case did not proceed to trial until September, 2019. (First Amended Complaint, ¶ 12)

7. Plaintiff's four-week trial in 2019 resulted in a mistrial. (First Amended Complaint, ¶ 12)

8. On July 1, 2020, plaintiff was released on a bond of $500,000. (First Amended Complaint, ¶ 13)

9. Plaintiff had served approximately five years and five months in the Douglas County, Kansas jail. (First Amended Complaint, ¶ 13)

10. On December 27, 2021, plaintiff's criminal case was dismissed. (First Amended Complaint, ¶ 15)

11. In "Count 1 – Kansas Torts [sic] Claims Act" of his First Amended Complaint, plaintiff claims he was "subjected to lawful but wrongful legal process which resulted in his imprisonment for five and half [sic] years." (First Amended Complaint, ¶ 20)

12. Plaintiff further claims: "Defendants had customs or policies which led to Rontarus' constitutional rights being violated by Defendants." *Id.*

13. In Count II of his First Amended Complaint, plaintiff claims that "Defendants failed to fully and adequately investigate" plaintiff's criminal case. (First Amended Complaint, ¶ 23)

14. Plaintiff also claims "Defendants failed to diligently and timely prosecute" plaintiff's criminal case. (First Amended Complaint, ¶ 24)

15. Plaintiff "asserts his claim under the procedural due process section of the 14th Amendment." (First Amended Complaint, ¶ 25)

16. Plaintiff claims Count II "is analogous to one for malicious prosecution." (First Amended Complaint, ¶ 27)

17. Other than identifying DA Branson as a party in paragraph two, DA Branson is not specifically named anywhere in the First Amended Complaint.

18. There are no allegations in the First Amended Complaint that DA Branson took any actions other than acting as an advocate for the State of Kansas.

## Argument and Authorities

I. **Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted on his State Law Claim.**

   A. **DA Branson is Entitled to Absolute Prosecutorial Immunity.**

Prosecutors have "absolute immunity for activities intimately associated with the judicial phase of the criminal process, that is, for performing the traditional functions of an advocate." *McCormick v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 272 Kan. 627, 634 (2001). A prosecutor also has absolute immunity for his conduct in investigations.

4

"This immunity also applies to a prosecutor's decision not to act as well as his decision to file charges." *Knight v. Neodesha, Kan., Police Dep't*, 5 Kan. App. 2d 472, 477 (1980).

Here, there are no allegations in the First Amended Complaint that DA Branson took any actions other than acting as an advocate for Douglas County. Plaintiff admits that he was subjected to "lawful" legal process. While plaintiff claims "Defendants failed to fully and adequately investigate" and "failed to diligently and timely prosecute," both of those claims are precisely the acts to which absolute prosecutorial immunity applies. Therefore, plaintiff's state claim fails.

### B. Plaintiff's Claim is Barred by the Statute of Limitation.

An action for malicious prosecution must be brought within one year. K.S.A. 60-514(b). A cause of action accrues as soon as the right to maintain a legal action arises. *Mashaney v. Bd. of Indigents' Def. Servs.*, 302 Kan. 625, 631 (2015). An action accrues when the plaintiff could first have filed and prosecuted his action to a successful conclusion. *Id.*

Plaintiff's action in this case accrued on December 27, 2021, when plaintiff's criminal case was dismissed. Plaintiff had until December 27, 2022, to file this action. The original Complaint was not filed until February 15, 2023. The one-year statute of limitation bars plaintiff's state malicious prosecution claim.

### C. Plaintiff has Made No Allegations that DA Branson Acted Without Probable Cause or With Malice.

To prove a claim of malicious prosecution, a plaintiff must show:

> a) That the defendant initiated, continued, or procured civil procedures against the plaintiff;
>
> b) the defendant in so doing acted without probable cause;
>
> c) That the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based;
>
> d) That the proceeding terminated in favor of the plaintiff;
>
> e) That the plaintiff sustained damages.

*Budd v. Walker*, 60 Kan.App.2d 189, 198 (2021), *review denied* (Aug. 27, 2021) (citation omitted).

In the case at bar, there is no allegation that DA Branson acted without probable cause. There is an allegation that plaintiff had a four-week trial that ended in a mistrial. It follows that at some point prior to trial, there was a finding of probable cause that plaintiff committed the charged crime. There is also no allegation that DA Branson acted with malice. There is a sole allegation on plaintiff's state law claim that "Defendants had customs or policies which led to Rontarus' constitutional rights being violated by Defendants." DA Branson is not specifically named, nor is there any claim of malice against any of the "Defendants." Therefore, plaintiff has not made a claim to relief that is plausible on its face. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023) ("Shrum has failed to adequately

plead with specificity all of the other required elements for malicious prosecution against the state officials.").

## II.     Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted on his Federal Law Claim.

### A.     DA Branson is Entitled to Absolute Prosecutorial Immunity.

Similar to plaintiff's state law claim, it is well-settled that plaintiff's Section 1983 claim is also barred by prosecutorial immunity. "Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1208 (10th Cir. 2022), *cert. denied*, No. 22-724, 2023 WL 2959387 (U.S. Apr. 17, 2023) (citations omitted). Absolute immunity applies to a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Id.* (citation omitted).

A prosecutor is absolutely immune from lawsuits when acting within the scope of his duties in initiating and pursuing a criminal prosecution. *Chilcoat*, 41 F.4th at 1209. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citation omitted).

Again, there are no allegations in the First Amended Complaint that DA Branson took any actions other than acting as an advocate for the State of Kansas. The decision

to prosecute, evaluation of the evidence, the determination of probable cause, and what evidence to show the court are squarely covered by prosecutorial immunity. There are no allegations to suggest otherwise. Therefore, plaintiff's federal claim fails as a matter of law. See *McRoberts v. Rosas*, No. 21-2470-DDC-TJJ, 2022 WL 4482481, at *8 (D. Kan. Sept. 27, 2022) ("[P]laintiff's First Amended Complaint never alleges that [the prosecutor] took any actions other than acting as an advocate for the County when he declined to prosecute."); and *Davis v. Males*, No. 2:22-CV-02330-HLT, 2023 WL 2756184, at *5 (D. Kan. Apr. 3, 2023) ("Although Plaintiff clearly disagrees with the prosecution's actions, none of these facts plausibly suggest [the prosecutors] were acting outside their role as prosecutor.").

### B. Plaintiff Does Not State a Claim for Relief That is Plausible On Its Face.

Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When the facts alleged in a Complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff is not entitled to relief. *Id.* at 679. Further, Section 1983 cases against individual government actors "pose a greater likelihood of failures in notice and plausibility because they typically include

8

complex claims against multiple defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).

Similar to a state law malicious prosecution claim, a Section 1983 malicious prosecution claim includes five elements:

a) the defendant caused the plaintiff's continued confinement or prosecution;

b) the original action terminated in favor of the plaintiff;

c) no probable cause supported the arrest, confinement, or prosecution;

d) the defendant acted maliciously; and

e) the plaintiff sustained damages.

*Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).

In the case at bar, there are *no* allegations – much less "threadbare recitals" – that there was no probable cause to support the arrest, confinement, or prosecution of plaintiff. There are *no* allegations that DA Branson acted maliciously. There are vague, unsupported allegations that "Defendants" failed to adequately investigate and diligently prosecute plaintiff's criminal case. These are conclusory statements that the Supreme Court has said "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The First Amended Complaint contains nothing more than "the-defendant-unlawfully-harmed-me" allegations. Plaintiff's claim must be dismissed.

### C. Plaintiff has not Met his Burden to Provide Fair Notice of the Grounds for the Claims Made Against Each of the Defendants.

Other than identifying DA Branson as a party in paragraph two, DA Branson is not specifically named anywhere in the First Amended Complaint. It is particularly important in § 1983 cases "that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (emphasis in original). The Tenth Circuit has repeatedly emphasized the importance of connecting defendants to misconduct in pleadings: a plaintiff has to "show that such Defendant personally participated in the alleged constitutional violation." *Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023) (citation omitted). Specificity is also "particularly important in a complaint alleging malicious prosecution." *Id.*

In *Robbins*, the plaintiff's Complaint failed to isolate the allegedly unconstitutional acts of each defendant. Plaintiff claimed six named and ten unnamed "Defendants" committed various tortious acts. *Robbins*, 519 F.3d at 1250. The court found that the alleged tortious acts committed by the separate defendants were "[p]resumably … entirely different in character and therefore are mistakenly grouped in a single allegation." *Id.* The court held that the Complaint failed to give adequate notice of its claims against the defendants:

> We need not speculate, because the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Id.* See also *Shrum v. Cooke*, 60 F.4th 1304, 1313 (10th Cir. 2023) ("[P]laintiff's complaint does not tell us who instigated the prosecution or who continued the prosecution.").

In the case at bar, it is not at all clear who is alleged to have done what to whom. The use of the collective term "Defendants" makes no distinction of what acts were done by law enforcement, personnel at the Douglas County jail, DA Branson, or by each of them. Presumably, the alleged constitutional violations would have been carried out in different ways by different people. There is simply no allegation that DA Branson personally participated in any acts, or what act he is accused of performing. Dismissal is appropriate.

## III. Eleventh Amendment Immunity Shields DA Branson From Liability in his Official Capacity.

DA Branson has been sued in his individual and official capacities. However, the Eleventh Amendment provides immunity to DA Branson in his official capacity. "In Kansas, county attorneys act on behalf of the State, not their respective counties." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir.

11

2009).[1]  Any actions taken by the district attorney are attributable to the State, and that attribution of liability means that the district attorney's "acts in prosecuting crimes are cloaked with Eleventh Amendment immunity."  *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1254 (D. Kan. 2004).  See also *Caranchini v. Peck*, No. 18-2249-CM-TJJ, 2018 WL 5461224, at *4 (D. Kan. Oct. 29, 2018) ("District Attorneys are agents of the State of Kansas, not the county. … Claims under § 1983 for monetary damages against the State defendants, therefore, are barred by Eleventh Amendment immunity.").

Likewise, here Eleventh Amendment immunity shields DA Branson from liability in his official capacity.  For all the foregoing reasons, DA Branson is entitled to dismissal of all plaintiff's claims in both his official and individual capacities.  This action should be dismissed.

Respectfully Submitted,

OFFICE OF KANSAS ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Shon. D. Qualseth
Shon D. Qualseth, KS S Ct. #18369
Assistant Attorney General/Sr. Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone:  785-368-8424
FAX:  785-291-3767
Email: *shon.qualseth@ag.ks.gov*
*Attorney for Defendant Charles E. Branson*

---

[1] Whenever the term "county attorney" is used, it is construed to include district attorneys.  K.S.A. 22a-107.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2023, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record.

Larry G. Michel
lmichel@kenberk.com
 *Attorney for Plaintiff*

And

Michael K. Seck
mseck@fpsslaw.com
Attorney for Defendants Douglas County,
Ken McGovern, Randy Roberts,
and Jay Armbrister

/s/ Shon D. Qualseth
Shon D. Qualseth