KENNEDY BERKLEY, P.A.
119 W. Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RONTARUS WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-CV-2063 |
| | ) | |
| DOUGLAS COUNTY, KANSAS, and | ) | |
| | ) | |
| FORMER DISTRICT ATTORNEY CHARLES E. | ) | |
| BRANSON of Douglas County, Kansas, | ) | |
| in his individual and official capacity, | ) | |
| | ) | |
| FORMER SHERIFF KENNETH MCGOVERN, | ) | |
| of Douglas County, Kansas, in his individual and | ) | |
| official capacity, | ) | |
| | ) | |
| FORMER SHERIFF RANDY ROBERTS, | ) | |
| of Douglas County, Kansas, in his individual and | ) | |
| official capacity, | ) | |
| | ) | |
| SHERIFF JAY ARMBRISTER of Douglas | ) | |
| County, Kansas, in his individual and official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM BRIEF IN OPPOSITION
## TO DEFENDANT BRANSON'S MOTION TO DISMISS

Plaintiff Rontarus Washington ("Rontarus"), pursuant to D.Kan.Rules 7.1(c) and 7.6,

submits the following Memorandum Brief in Opposition to the Motion to Dismiss filed by

Defendant Charles E. Branson.  For the reasons set forth below, Plaintiff respectfully asserts that the Motion to Dismiss should be denied in its entirety.

## Nature of Matter Before the Court

Rontarus is a young African American man who brought this action after being held in the Douglas County Jail charged with murder for approximately 5 years and 5 months without a conviction.  During this time, the average time spent in prison for a felony conviction was 2.7 years and the median time was 1.3 years.[1]  Accordingly, Rontarus was incarcerated without a conviction for twice as long as the average convicted felon.  When the charges against him were dismissed and he was finally released, the new Douglas County Attorney acknowledged that "[t]he degree to which this matter has been permitted to languish calls into question the integrity of the criminal justice system."[2]  Based on the above, Rontarus now asserts claims under Kansas substantive law as well as the 14th Amendment to the U.S. Constitution.

## Factual Background[3]

1.      Rontarus is a 26-year-old African American male who lives in Georgia but at the time in question was living in Lawrence, Kansas.

2.      On or about January 12, 2015, Rontarus was charged with the murder and aggravated burglary of Justina Mosso of Lawrence. His bond was initially set at $750,000, which he and his family could not raise.  At this time, Rontarus was only 18 years old.[4]

3.      Rontarus suffers from an intellectual disability that makes it difficult for him to learn and comprehend. Accordingly, at least two orders were entered during his incarceration for competency examinations due to concerns regarding his ability to stand trial, including at least

---

1 **U.S. Department of Justice,** Office of Justice Programs, *Bureau of Justice Statistics* (March 2021).
2 Exhibit "A" to State Defendants' memorandum brief, Docket #14.
3 The facts are taken from Plaintiff's Complaint or as otherwise indicated.

4 The Lawrence Times (September 2, 2022).

one transfer to Larned State Hospital.  See Exhibit "A" to State Defendants' memorandum brief, Docket # 14.

4.      After being held for more than four and one-half years, Rontarus' case finally proceeded to trial in September of 2019.  At that time, a four-week trial resulted in a mistrial because the jury could not reach a verdict.

5.      On or about July 1, 2020, the Douglas County District Court reduced his bond, and he was released on a $500,000 bond after a crowdfunding effort.  In total, Rontarus served approximately 5 years and 5 months in the Douglas County Jail without a conviction.

6.      During the pendency of the case, Rontarus was appointed or retained approximately seven different attorneys at one point or another, which contributed to the numerous delays and continuances.  His attorneys at one time or another included Blake Glover, Sarah Swain, Angela Keck, Carol Cline, Melanie Morgan, Tricia Bushnell and Joshua Dubin. See Exhibit "A" to State Defendants' memorandum brief, Docket #14.

7.      Because of his disability, Rontarus was not in a position to appreciate how the numerous motions to continue his criminal case would affect the length of his pre-trial confinement.

8.      Prior to the dismissal of his case, Rontarus' attorney had alleged that Defendants failed to disclose exculpatory evidence and had also tampered with witnesses.  Lawrence Journal World. (September 6, 2020) attached hereto as Exhibit "E".

9.      In 2020, a new District Attorney, Suzanne Valdez, was elected in Douglas County.  During her campaign, she raised  Rontarus' case as an issue.  See December 21, 2021 Press Release by Douglas County District Attorney, attached hereto as Exhibit "A".

10.      In April of 2021, Rontarus received representation from the Midwest Innocence

Project.

11.     The dismissal of Rontarus' case was eventually announced on December 21, 2021, and the case was ultimately dismissed without prejudice on December 27, 2021.  Rontarus was 25 years old by this time.

12.     In her press release at that time, Ms. Valdez acknowledged that the case "calls into question the integrity of the criminal justice system."  She also noted the large number of attorneys that had appeared in court with Rontarus and that 5 different attorneys from the District Attorney's office had been assigned to prosecute the case.  Ms. Valdez also expressed that "a prosecutor is ethically bound to bring swift justice to all those in the criminal justice system".  Exhibit "A".

13.     It is Rontarus' understanding that his case was dismissed because the Defendants had arrested, incarcerated and tried the wrong man.

14.     Rontarus served a notice of claim on the Douglas County Board of County Commissioners pursuant to K.S.A. 12-105b on July 22, 2022, which was received on July 27, 2022. See Exhibit "A" to State Defendants' memorandum brief, Docket #14.

15.     On August 9, 2022, Michael Seck wrote Rontarus' counsel, acknowledged receipt of the claim, noted that the County has 120 days to respond and requested additional information regarding the claim.  Letter from M. Seck to L. Michel dated August 9, 2022, attached hereto as Exhibit "B".   Additional information was subsequently provided to Mr. Seck.  Email exchange between L. Michel and M. Seck, attached hereto as Exhibit "C".  After the expiration of the 120 days, Mr. Seck advised counsel that the Sheriff had not had time to consider the demand, given other matters.  Email exchange between L. Michel and M. Seck, attached hereto as Exhibit "D".

16.     Rontarus filed his Complaint herein on February 15, 2023.

## Issues

Defendant Branson's Motion to Dismiss presents the following issues for determination by the Court as to Rontarus' state law claims:

1. Is Branson entitled to prosecutorial immunity?

2. Are Rontarus' claims barred by the statute of limitations?

3. Has Rontarus made sufficient allegations that Branson acted without probable cause or with malice?

Defendant Branson's Motion to Dismiss presents the following issues for determination by the Court as to Rontarus' federal law claims:

1. Is Branson entitled to prosecutorial immunity?

2. Does Rontarus state a claim that is plausible on its face?

3. Does Rontarus meet his burden to provide fair notice of the grounds for the claims made against each defendant?

4. Does 11th Amendment Immunity apply to Defendant Branson?

## Arguments and Authorities

For the reasons set forth below, Rontarus respectfully submits that Defendant's Motion to Dismiss should be denied in its entirety.

## I.  Legal Standards

The Defendant's Motion to Dismiss is brought pursuant to Fed.R.Civ.P.12(b)(6).  Rule 12(b)(6) enables the court to dismiss a complaint for failure to state a claim upon which relief can be granted.  The court should dismiss a complaint for failure to state a claim "only if the complaint, *viewed in the light most favorable to the plaintiff*, fails to provide 'enough facts to state a claim to relief that is plausible on its face.'"  *U.S., ex rel. Brian E. Connor, M.D. v. Salina*

*Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the Complaint and must view these allegations in the light most favorable to the plaintiff.  *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).  The Federal Rules of Civil Procedure erect a powerful presumption against dismissing pleadings for failure to state a cognizable claim for relief.  *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995) (internal citations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." A*shcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), the Supreme Court created "'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) [quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)].  Courts routinely reject the notion that complaints must recite all the evidence needed to prevail at trial.  *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513-14 (2002).  Instead, the "notice pleading" requirements make the complaint a starting point.  *Id.*  Applying these rules to the facts as alleged in the Complaint renders a dismissal improper.

If a case is dismissed under this rule, the court will generally allow the party one post-dismissal opportunity to amend to correct any deficiencies.

## II.  Rontarus Has Stated a Claim Upon Which Relief Can Be Granted as to His State Law Claims

### A.  Branson Confuses Wrongful Imprisonment and Prosecutorial Immunity

Branson argues that he is entitled to absolute immunity for decisions made regarding his prosecution of Rontarus. Rontarus never disputed that Branson had the right to prosecute him. However, what Branson did not have the right to do was to hold Rontarus for five and a half years without a conviction; that was unconscionable. And, while there is little case law to support it, this court should carve out an exception an allow Rontarus to proceed forward and receive recompense for this egregious miscarriage of justice.

Rontarus is not a sophisticated individual nor is he a career criminal. In short, he is not someone who is overly familiar with the criminal justice system. He was not, therefore, knowledgeable about how his criminal case proceeded through its tortured path and its many delays. He trusted that the many people involved had his best interests at heart, when clearly many did not. The system clearly failed Rontarus and there must be a way for him to receive recompense and compensation. If the law does not already provide one, then the Court should fashion one out of existing law.

There is a strong argument for limiting or carving out an exception to prosecutorial immunity in this case. When we think of prosecutorial immunity, traditionally, we think of decisions like whether to prosecute, what crimes to prosecute for, and whether any misconduct was committed during the trial. We generally don't think of wrongful incarceration as part of prosecutorial immunity, nor should it be, especially in this case where Rontarus was incarcerated, without a conviction for five and a half years.

There is some law to support Rontarus' position on this matter. Prosecutorial immunity is not as absolute as Defendant Branson would have the Court believe. For example, in order for immunity to apply, a prosecutor's actions must have a functional tie to the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Further, acts which are administrative,

investigatory in nature, or outside the scope of the prosecutor's official duties are not subject to immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999); *Ostrzenski v. Seigel*, 177 F.3d 245 (4th Cir. 1999); *Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223 (D. Kan. 1999). Keeping Rontarus locked up in a jail cell for five and a half years should not be considered a prosecutorial function. It is not related to charging, presenting evidence, or anything else judicial in nature.

### B.  Rontarus' State Law Claims Are Not Barred by the Statute of Limitations

Rontarus asserts that his state law claims are not barred by the statute of limitations. While it is uncontroverted that the statute of limitations expired on December 27, 2022, it is also uncontroverted that the notice of claim filed on July 27, 2022.  It is also uncontroverted that the notice of claim was received by the Douglas County Clerk on July 27, 2022, seven months after the dismissal.   Under K.S.A. 15-105b(d), the Defendants had 120 days before the claim was deemed denied.  Rontarus then had 90 days after the claim was deemed denied to commence an action.  *Id*.  Accordingly, the claim would have been deemed denied 120 days after July 27, 2022, which would be approximately November 25, 2022.  Rontarus then had 90 days, or until February 22, 2023, to file suit.  Since suit was filed on February 15, 2023, Rontarus was well within the statute of limitations.

### C.  Malicious Prosecution

Defendants next argue that Rontarus' state law malicious prosecution claim should be dismissed because it alleges insufficient facts to state a claim.  At the outset, Rontarus would restate the standards for evaluating his claims under Fed.R.Civ.P. 12(b)(6) as set forth above. Specifically, Rontarus would note the guidance by the U.S. Supreme Court that a claim is

plausible when it alleges sufficient facts to permit a reasonable inference that the defendant is liable for unlawful conduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). This inference then supports a "reasonably founded hope that the discovery process will reveal relevant evidence" to support the plaintiff's claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Applying these standards, Rontarus has alleged a plausible claim that one or more of the Defendants is liable for unlawful conduct and that there is a reasonable hope that relevant evidence showing the same will be revealed through the discovery process. Not only are there allegations related to unlawful delay, there have also been allegations of witness tampering and failure to disclose exculpatory evidence that require discovery.

Rontarus does not take issue with the elements of a malicious prosecution claim as stated by the Defendant. In addition, he acknowledges that such claims are generally disfavored because they can be used to discourage parties from seeking relief; however, Rontarus would submit that the facts of this case, including the comments by the current Douglas County District Attorney belie any suggestion that he is motivated by any improper purpose. Quite the contrary, one can hardly imagine a situation that provides better justification for such a suit than the case at bar.

Probable cause is defined as "reasonable grounds for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious or prudent person in the belief that the party committed the act" in issue. *Lindenman v. Umscheid,* 255 Kan. 610, 624, 875 P.2d 964 (1994). Kansas courts have held, however, that a finding or probable cause or a lack thereof by a criminal court are not determinative of the issue. See *Thompson v. General Finance Co., Inc.,* 205 Kan. 76, 468 P.2d 269 (1970); *Tucker v. Bartlett,* 97 Kan. 163, 164, 155

P. 1 (1916).  Moreover, even if the Defendants had probable cause to initiate the proceedings, they could still be liable for malicious prosecution for wrongfully continuing the case if it became apparent that probable cause was lacking.  *Miskew v. Hess,* 21 Kan.App.2d 927, 933, 910 P.2d 223 (1996); see also, Restatement (Second) of Torts § 674, comment c.  Finally, the existence of probable cause is generally a question of fact for the jury and not a question of law for the Court.  *Knight v. Cordry,* 22 Kan.App.2d 9, 12, 913 P.2d 1206 (1995).

Applying the above standards, Rontarus has sufficiently pled lack of probable cause.  The case was dismissed by the Current District Attorney, which definitely suggests a lack of probable cause.  The question to be addressed in discovery is whether the lack of probable cause was apparent at the time the case was filed or if that fact became apparent sometime later, in which case the Defendants would still be liable under Kansas law for continuing the case.

Branson alleges that Rontarus has not alleged that he acted maliciously.  At the outset, Rontarus asserts that the obvious inference from his Complaint is that the Defendants acted maliciously.  It is also important to note the definition of malice as used by Kansas courts in this situation.  Malice is not limited to personal hatred or spite; rather, any action initiated with any improper or wrongful motive can demonstrate malice.  *Foltz v. Buck,* 89 Kan. 381, 385, 131 P. 587 (1913); *Blakely v. Roanoke State Bank,* 122 Kan. 810, 811-812, 253 P. 544 (1927).  Malice may also be inferred from the lack of probable cause.  *Bratton v. Exchange State Bank,* 129 Kan. 82, 86, 281 P. 857 (1929).

In summary, Rontarus has presented a plausible claim for relief and Defendants' attempt to dismiss his state law claims should be denied.  In the event the Court concludes that any technical aspect of his Complaint is deficient, then the proper remedy is to allow him to file an amended complaint that remedies that defect.

**III. Rontarus Has Stated a Claim Upon Which Relief Can Be Granted as to Federal Claims**

    **A.  Branson Confuses Wrongful Imprisonment and Prosecutorial Immunity**

Rather than repeat the arguments made above, Rontarus refers the Court to his earlier remarks regarding this issue.

    **B.  Rontarus Is Entitled to Pursue His Claim for Relief**

The primary thrust of Defendant's argument is that Rontarus has not pled sufficient facts to support a claim.  As noted above, however, the U.S. Supreme Court has held that a claim is plausible when it alleges sufficient facts to permit a reasonable inference that the defendant is liable for unlawful conduct.  *Iqbal, supra,* 556 U.S. at 678.  This inference then supports a "reasonably founded hope that the discovery process will reveal relevant evidence" to support the plaintiff's claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The fact that Rontarus was held over five years without a conviction would strongly infer unlawful conduct by defendants.  Accordingly, he is entitled to pursue discovery to locate relevant evidence to support his claims.

The Defendant also argues that Rontarus has not sufficiently identified the wrongdoing by the defendant.  At the outset, the pleadings are very clear that the individual defendants participated in the arrest, prosecution and incarceration of Rontarus over a period of time exceeding 5 years.  It seems clear that the Defendant Sheriffs physically held Rontarus and the Defendant District Attorney led the prosecution.  Any defect in Rontarus' pleadings can be addressed through an amendment and dismissal is not justified at this time.

C. <u>**Rontarus Has Met His Burden to Provide Notice of Claims Made Against Branson**</u>

Defendant Branson alleges that Rontarus has failed to allege how Branson is involved anywhere in his First Amended Complaint. However, at the outset, the pleadings are very clear that the individual defendants participated in the arrest, prosecution and incarceration of Rontarus over a period of time exceeding five and half years.  It seems clear that the Defendant Sheriffs physically held Rontarus and the Defendant District Attorneys led the prosecution.  If nothing else, it can be inferred that Defendant Branson was involved in prosecuting and thereby incarcerating Rontarus. Further, any defect in Rontarus' pleadings can be addressed through an amendment and dismissal is not justified at this time.

## IV. 11th AMENDMENT IMMUNITY SHOULD NOT APPLY TO BRANSON

Rontarus has pled a claim under the Kansas Torts Claims Act (KCTA). Under the KTCA, the State has waived its sovereign immunity to suit in state court. K.S.A. 75-6101. Therefore, if the Court is inclined to dismiss Defendant Branson in his official capacity, based on 11th Amendment Immunity, it should do so without prejudice so the Rontarus can refile his claims in state court.

### Conclusion

Applying the proper legal standards set forth above, Rontarus has stated plausible claims for relief that survive a Motion to Dismiss. Accordingly, Rontarus respectfully requests that the Defendants' Motion to Dismiss be denied in its entirety.  In the event the Court finds that there are deficiencies in Rontarus' pleadings, he requests the opportunity to amend and correct same in lieu of dismissal.

RESPECTFULLY SUBMITTED,


/s/ Larry G. Michel
Larry G. Michel, #14067
Chris J. Kellogg, #21651
Robert J. Frederick, #08978
KENNEDY BERKLEY, P.A.
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]
lmichel@kenberk.com
ckellogg@kenberk.com
rjfrederick@kenberk.com
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he electronically filed the forgoing Memorandum Brief in Opposition to Defendants' Motion to Dismiss with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following:

Michael K. Seck
Fisher, Patterson, Sayler & Smith, LLP
51 Corporate Woods, Suite 300
9393 W. 110th St.
Overland Park, KS  66210
mseck@fpsslaw.com
Attorney for Douglas County Defendants

Shon D. Qualseth
Assistant Attorney General/Sr. Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Attorney for Defendant Charles Branson

on this 8th day of June 2023.

 /s/ Larry G. Michel_____
Larry G. Michel