IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONTARUS WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-CV-02063-JWB-KGG |
| ) | |
| DOUGLAS COUNTY, KANSAS, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### DEFENDANT CHARLES BRANSON'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO BRANSON'S MOTION TO DISMISS

There is no dispute regarding material issues of fact. None of the facts set forth in Defendant Branson's Motion to Dismiss are controverted. Plaintiff recognizes absolute prosecutorial immunity, but argues that "this court should carve out an exception" to allow plaintiff's claim to proceed. (Doc. #33, p. 7) Plaintiff argues: "If the law does not already provide one, then the Court should fashion one out of existing law." *Id.* Plaintiff also argues that "there is a reasonable hope that relevant evidence … will be revealed through the discovery process." (Doc. #33, p. 9)

For the reasons stated in Branson's Memorandum in Support of his Motion to Dismiss (Doc. #20, incorporated by reference herein), prosecutorial immunity applies to plaintiff's claims. Further, plaintiff should not be allowed to engage in a fishing

1

expedition with the vague hope that *something* will come up in discovery.  Fed. R. Civ. P. 11 requires that a party, before filing suit, should have already conducted a reasonable inquiry whether the alleged facts have evidentiary support, and whether there is a proper legal basis for any claims made.

Finally, plaintiff briefly argues that his state law malicious prosecution claim was commenced in a timely fashion because of the application of K.S.A. 12-105b.  However, K.S.A. 12-105b only applies to claims against a municipality or a municipality's employees.  As the former District Attorney, Branson acted on behalf of the State of Kansas, not Douglas County.  Therefore, plaintiff's claims are outside the statute of limitations.

## I.  This Court should not "carve out an exception" to absolute prosecutorial immunity.

Plaintiff admits that "Branson had the right to prosecute him."  Plaintiff further asserts "there is little case law to support" an exception to prosecutorial immunity.  To that end, plaintiff bolsters his assertion – by not citing any case law.

It is well-settled that prosecutors have absolute immunity regarding a prosecutor's decision not to act as well as his decision to file charges.  *Knight v. Neodesha, Kan., Police Dep't*, 5 Kan. App. 2d 472, 477 (1980).  The decision to prosecute is inherently associated with the judicial process.  See *Imbler v. Pachtman*, 424 U.S. 409, 425–26 (1976) ("[A] prosecutor inevitably makes many decisions that could engender colorable claims of constitutional deprivation. Defending these decisions, often years

after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials.") (citation omitted); and *Neill v. Hunting*, No. 23-3131-JWL, 2023 WL 3948525, at *4 (D. Kan. June 12, 2023) ("Prosecutorial immunity shields prosecutors from liability in initiating prosecution or presenting the government's case against a criminal defendant.").

Here, there are no allegations that Branson took any actions other than acting as an advocate for the State of Kansas. In fact, plaintiff admits that his pretrial detention was pursuant to court-ordered detention and a bond requirement (First Amended Complaint, ¶¶ 10, 13), and not because of actions taken by Branson. In 2020, plaintiff was released on a $500,000 bond – a bond amount set by the judge, not by Branson. Branson is entitled to absolute prosecutorial immunity.

## II.     **Plaintiff should not be allowed to use discovery as a fishing expedition.**

In arguing that evidence could be "revealed through the discovery process," plaintiff appears to be banking on the vague hope that the discovery process might bring something to light to support his claims. However, discovery "should not be used by the plaintiff's counsel to engage in a fishing expedition to determine whether or not there is any factual support for his allegations." *Smith v. Josten's American Yearbook Co.*, 78 F.R.D. 154, 164 (D. Kan. 1978) (citation omitted). See also *Marble VOIP Partners LLC v. Zoom Video Commc'ns, Inc.*, No. 22-CV-2247-JAR-ADM, 2023 WL 3948477, at *3 (D. Kan. June 12, 2023) (court refused to allow a "fishing expedition" without "any

3

concrete facts or argument calling into question the facts giving rise to [plaintiff's] claims.").

Here, plaintiff has not proffered any concrete facts to support his claims against Branson. Plaintiff has not identified or explained how discovery is likely to produce facts to support his claims. Plaintiff should not be allowed to subject Branson to discovery on the off-chance some fact *might* turn up. Plaintiff should have already done a good faith inquiry on whether there is evidentiary support for his claims.

### III. Plaintiff's state malicious prosecution claim is barred by the statute of limitations.

Plaintiff admits that his criminal case was dismissed on December 27, 2021. Plaintiff admits that "it is uncontroverted that the statute of limitations expired on December 27, 2022." (Doc. #33, p. 8) Plaintiff admits that he filed this action on February 15, 2023. Plaintiff cites K.S.A. 12-105b(d) in arguing that he had until February 22, 2023 to file suit against Branson.

However, K.S.A. 12-105b only applies to claims against a municipality or a municipality's employees. The State is not a "municipality" as that term is defined by K.S.A. 12-105a(a). "The notice provision of K.S.A. 12–105b clearly does not apply to state governmental entities—it applies only to municipalities." *Rockers v. Kansas Tpk. Auth.*, 268 Kan. 110, 114 (1999).

"In Kansas, county attorneys act on behalf of the State, not their respective counties." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164

4

(10th Cir. 2009).[1]  Any actions taken by the district attorney are attributable to the State. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1254 (D. Kan. 2004).  See also *Caranchini v. Peck*, No. 18-2249-CM-TJJ, 2018 WL 5461224, at *4 (D. Kan. Oct. 29, 2018) ("District Attorneys are agents of the State of Kansas, not the county.").

Because Branson was the District Attorney at the time, he was not a municipality employee.  Because K.S.A. 12-105b's notice provisions did not apply to Branson, the statute of limitations on plaintiff's state claim ran on December 27, 2022.

For all the foregoing reasons and those set forth in his Memorandum in Support of his Motion to Dismiss, Branson is entitled to dismissal of all plaintiff's claims in both his official and individual capacities.

Respectfully Submitted,

OFFICE OF KANSAS ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Shon. D. Qualseth
Shon D. Qualseth, KS S Ct. #18369
Assistant Attorney General/Sr. Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone:  785-368-8424
FAX:  785-291-3767
Email: *shon.qualseth@ag.ks.gov*
*Attorney for Defendant Charles E. Branson*

---

[1] Whenever the term "county attorney" is used, it is construed to include district attorneys.  K.S.A. 22a-107.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2023, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record.

Larry G. Michel
lmichel@kenberk.com
*Attorney for Plaintiff*

And

Michael K. Seck
mseck@fpsslaw.com
Attorney for Defendants Douglas County,
Ken McGovern, Randy Roberts,
and Jay Armbrister

            /s/ Shon D. Qualseth
            Shon D. Qualseth