IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONTARUS WASHINGTON,

        Plaintiff,

v.                                                                 Case No. 23-2063-JWB

DOUGLAS COUNTY, KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for judgment on the pleadings and a motion to dismiss filed by Defendants. (Docs. 13, 19.) The motions are fully briefed and ripe for decision. (Docs. 14, 20, 22, 27, 33, 34.) The motions are GRANTED for the reasons stated herein.

**I.    Facts**

The facts set forth herein are taken from the allegations in the amended complaint. (Doc. 3.) Plaintiff Rontarus Washington is a 26-year-old African American who now lives in Georgia. Plaintiff suffers from an intellectual disability. On January 12, 2015, he was charged with murder and aggravated burglary in connection with the death of Justina Mosso of Lawrence, Kansas. Plaintiff was detained in the Douglas County, Kansas, jail upon his arrest. His bond was initially set at $750,000 and he could not raise enough funds to bond out of jail. During the pendency of the case, Plaintiff was represented by seven different defense counsel. These counsel were either appointed or retained by Plaintiff. These changes in representations caused numerous delays and continuances. At two different times while he was in custody, Plaintiff was subjected to competency examinations due to concerns regarding whether he was competent to stand trial. (*Id.* at 3.)

Ultimately, the case proceeded to trial in September 2019. The trial lasted four weeks and ended in a mistrial after the jury could not reach a verdict. After the trial, Plaintiff remained in custody pending retrial. On July 1, 2020, Plaintiff was released on a reduced bond of $500,000 after a crowdfunding effort to raise the funds was successful. In April 2021, Plaintiff was represented by the Midwest Innocence Project. On December 27, 2021, his case was dismissed without prejudice. Plaintiff's "understanding" is that "his case was dismissed because the Defendants had arrested, incarcerated and tried the wrong man." (*Id.*)

On February 15, 2023, Plaintiff filed suit against former District Attorney Charles Branson, the former sheriffs and current sheriff of Douglas County (Kenneth McGovern, Randy Roberts, and Jay Armbrister), and Douglas County, Kansas. The suits against the individuals are asserted in both their individual and official capacities. Plaintiff asserts a claim under state law for malicious prosecution and a claim under 42 U.S.C. § 1983 for a violation of his due process rights due to his lengthy detention which he characterizes as a claim analogous to one for malicious prosecution. (*Id.* at 4.) Plaintiff alleges that Defendants failed to fully and adequately investigate his case and failed to diligently and timely prosecute him. Plaintiff asserts that he was unlawfully detained for a crime that he did not commit. (*Id.*)

On July 22, 2022, Plaintiff sent a notice of claim to the Douglas County Clerk in accordance with K.S.A. § 12-105b. (Doc. 14-1 at 2–5.) In that notice, Plaintiff details the sequence of events, including the dates of representation by counsel and the timing of the competency evaluations. Plaintiff states that the trial was continued several times at his request although he asserts that this does "not explain why [he] remained incarcerated for five and a half years on a crime for which charges were ultimately dismissed." (*Id.* at 3.) Plaintiff states that his chief concern is the fact he spent so much time in jail and that it is an "inexcusable [amount of] time to be incarcerated on [a]

case that was dismissed" in his favor. (*Id.*) In a section of the notice titled "public officers and employees involved," Plaintiff states "see individuals identified in the factual basis of the claim." (*Id.*) Plaintiff, however, does not name any individuals employed by the county in his notice.

Defendants Douglas County and the Sheriffs have moved for judgment on the pleadings on various grounds. (Doc. 13.) Defendant Branson has moved to dismiss on the basis that the claims against him are barred on the basis of absolute immunity and the official capacity claims are barred on the grounds of sovereign immunity. (Doc. 19.)

## II.     Standard

Dismissal.  Courts evaluate a Rule 12(c) motion for judgment on the pleadings utilizing the same standard used to evaluate a motion to dismiss under Rule 12(b)(6). *Borde v. Bd. of Cty. Comm'rs*, 514 F. App'x 795, 799 (10th Cir. 2013) (citing *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)).  In order to withstand either motion, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Supervisor Liability.  Vicarious liability is inapplicable to § 1983 claims. *Iqbal*, 556 U.S. at 676.  As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*  A plaintiff may also plead a claim against a "defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which caused the

constitutional harm. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Therefore, personal liability includes both personal involvement or supervisory liability due to a policy. *Brown v. Montoya*, 662 F.3d 1152, 1164-1165 (10th Cir. 2011) (Personal liability through "his personal participation" "or the promulgation of a policy.").

If the basis of liability is a policy, Plaintiff must prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. "An affirmative link must exist between the constitutional deprivation and the supervisor's personal participation, exercise of control or direction, or failure to supervise." *Quint v. Cox*, 348 F. Supp. 2d 1243, 1250 (D. Kan. 2004).

Municipal Liability. Municipal liability requires more than a violation by one of the municipality's officers. Plaintiff must sufficiently allege: (1) that a violation was committed by an officer; (2) that there is a municipal policy or custom; and (3) a "direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006).

**III.   Analysis**

   **A. Absolute Immunity**

Defendant Branson moves for dismissal of both the state and federal claims on the basis that he is entitled to absolute prosecutorial immunity. "Absolute immunity offers certain government officials total protection from a suit for damages under 42 U.S.C. § 1983." *Thomas v. Kaven*, 765 F.3d 1183, 1191 (10th Cir. 2014). Branson, as a prosecutor, is "absolutely immune for those activities 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Kansas law provides the same immunity

with respect to claims under Kansas state law. *See McCormick v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 272 Kan. 627, 634–35, 35 P.3d 815, 823 (2001) (discussing that "prosecutors have absolute immunity for activities intimately associated with the judicial phase of the criminal process, that is, for performing the traditional functions of an advocate.") (citation omitted).

However, such immunity is not available for "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430–31. In this case, Plaintiff's allegations assert that Defendants failed to diligently and timely prosecute him and that he was detained for an unreasonable amount of time during his criminal proceedings. As pointed out by Branson, these conclusory allegations concern activities intimately associated with the judicial phase of the criminal process. In response, Plaintiff argues that the allegations concerning his lengthy detention should not be considered part of the judicial process. However, Plaintiff fails to cite to any authority in support of this contention. Further, Plaintiff's amended complaint only contains conclusory allegations. Plaintiff has failed to allege any facts related to actions taken by Branson.

Plaintiff's response also cites to a newspaper article in support of the assertion that Plaintiff's defense "attorney had alleged that Defendants failed to disclose exculpatory evidence and had also tampered with witnesses." (Doc. 33 at 3) (citing Exhibit E.) Plaintiff also cites to a statement from the current District Attorney that Plaintiff's criminal case "calls into question the integrity of the criminal justice system." (*Id.*) (citing to Exhibit A.) The court does not consider allegations in a brief or exhibits that were not attached to the complaint when ruling on a motion to dismiss. *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1164 (D. Kan. 2017). Further, such allegations are entirely conclusory and do not identify who allegedly failed to disclose exculpatory evidence and tampered with witnesses. Based on Plaintiff's response

brief, five different attorneys from the District Attorney's officed were assigned to prosecute the case while it was pending. (Doc. 33 at 4.)

Even viewing the allegations in the amended complaint liberally, Branson is entitled to absolute prosecutorial immunity.

### B. Sovereign Immunity

Plaintiff has also asserted a claim for damages against Branson in his official capacity. As a county prosecutor, a claim against Branson in his official capacity is a claim against the State of Kansas. *See Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (applying Kansas law to hold that official capacity claims against county attorneys are claims against the state). Therefore, Eleventh Amendment immunity shields any claims for damages against Branson in his official capacity. *Id.*

Plaintiff's claims against Branson in his official capacity are therefore dismissed.

### C. Sufficiency of Notice

Next, the remaining County Defendants have moved to dismiss for lack of subject matter jurisdiction on the basis that Plaintiff's notice filed pursuant to K.S.A. § 12-105b is defective. Pursuant to § 12-105b(d), "[a]ny person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality . . . ." The court lacks jurisdiction over the action if the statutory notice requirement is not met. *Smith v. Williams*, No. 20-CV-2224-EFM-GEB, 2022 WL 370258, at *5 (D. Kan. Feb. 8, 2022).

First, Defendants argue that the notice of claim is deficient because it identifies "Douglas County" instead of the "board of county commissioners of" Douglas County. (Doc. 14 at 6) (citing

6

Doc. 14-1.) In support, Defendants cite to K.S.A. § 19-105 which requires suit to be brought against the "board of county commissioners of _____ county" instead of suing in the name of the county. While that statute controls the entity that must be sued, it does not support their position that the notice is deficient because it names Douglas County instead of the board.[1] Plaintiff substantially complied with the notice statute as to Douglas County by identifying the county in the notice letter as the entity he is bringing his claims against and by addressing the notice to the county clerk. K.S.A. § 12-105b(d)(1).

Next, Defendants argue that the notice did not substantially comply with § 12-105b(d) with respect to the individual Defendants because it failed to identify them in the letter. The Kansas Supreme Court has interpreted § 12-105b(d) to require a "person to comply with the notice of claim requirement when bringing any suit under the KTCA against a municipality, a municipal employee, **or both**." *Nash v. Blatchford*, 56 Kan. App. 2d 592, 613, 435 P.3d 562, 578 (2019). In response to Defendants' argument, Plaintiff states that he did substantially comply with the statute and he referenced the "District Attorneys and Sheriffs that were responsible for his incarceration." (Doc. 22 at 7.) Contrary to Plaintiff's assertion, while the notice takes issue with the "District Attorney's office," it says nothing about the sheriff or any former sheriff. (Doc. 14-1 at 2–5.) Plaintiff also argues that the current sheriff was on notice of his claim because Defendants' attorney said the sheriff was too busy to respond to the notice. (Doc. 22 at 7.) Plaintiff, however, fails to provide any support that this cures the deficiency. Rather, when a notice fails to comply, this court lacks jurisdiction over the claim. Reviewing the notice, it could be construed to provide notice to the county that Plaintiff has a claim against it and the District Attorney. However, there

---

[1] In this case, Plaintiff has brought suit against "Douglas County." Pursuant to K.S.A. § 19-105, the entity that should be named in this case is the Board of County Commissioners of Douglas County. Defendants do not seek dismissal on this basis at this time. Should Plaintiff choose to file an amended complaint in this action as discussed *infra*, he must name the correct entity.

7

is no indication that Plaintiff is seeking to bring a claim against all of the sheriffs who were in office during the times when Plaintiff was in custody. Although Plaintiff complains of his detention, the letter is clear that he is blaming the District Attorney's office for his continued detention and there is no indication or allegation that any sheriff was responsible. Therefore, Plaintiff failed to substantially comply with the statute with respect to his claims against the individual sheriffs and they are subject to dismissal. *See Richard v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. CIV.A. 09-1278-MLB, 2012 WL 4794588, at *7 (D. Kan. Oct. 9, 2012) (dismissing state law claims without prejudice against certain individuals for failure to satisfy the notice requirements).

### D.  § 1983 Claim Against Remaining Defendants

Plaintiff was not required to provide notice of his § 1983 claim, however. The individual Defendants move for dismissal of the § 1983 claim on the basis that it fails to state a claim, is barred by the statute of limitations, barred by an available state tort claim, and that they are entitled to qualified immunity. Turning to the allegations in the amended complaint, Plaintiff alleges that Defendants violated his "procedural due process" rights by delaying his criminal proceedings and keeping him confined for several years. (Doc. 3 at 4.) Plaintiff alleges that his claim is analogous to a malicious prosecution claim. (*Id.* at 5.) In his response, Plaintiff clarifies that he is actually stating a substantive due process violation instead of a procedural due process violation and that he has sufficiently alleged such a claim.[2] (Doc. 22 at 14–15.)

---

[2] Plaintiff impliedly recognizes that a procedural due process claim would be barred under *Parratt v. Taylor*, 451 U.S. 527 (1981), because he has an available state tort remedy under Kansas law. (Doc. 22 at 14.) Defendant moves for dismissal of the § 1983 claim on this basis as the amended complaint does state that the claim is for a violation of his procedural due process rights. (Doc. 14 at 16.) This court has recognized that a § 1983 claim based on an alleged procedural due process violation is barred because a plaintiff may bring an action for malicious prosecution under Kansas law. *Bledsoe v. Board of County Comm'rs of County of Jefferson, Kansas*, 501 F. Supp. 3d 1059, 1111–12 (D. Kan. 2020), *reversed on other grounds in part in Bledsoe v. Carreno*, 53 F. 4th 589 (10th Cir. 2022). A substantive due process claim, however, is not barred under *Parratt*. *See Bledsoe*, 53 F.4th at 605–06. Because the court finds

Viewing the claim as one for a violation of his substantive due process rights, the Tenth Circuit has held that such a claim requires a plaintiff to prove the following: (1) defendant caused plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) defendant acted maliciously; and (5) plaintiff sustained damages. *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). Here, Defendants argue that Plaintiff has failed to sufficiently plead allegations to support the first four elements. Further, Defendants argue that Plaintiff has merely alleged conclusory allegations about his unlawful detention and failed to specifically identify who did what to whom. Viewing the amended complaint, although Plaintiff alleges that collectively Defendants caused his confinement and the original prosecution ended in his favor, Plaintiff fails to allege that there was a lack of probable cause or that Defendants acted with malice. Further, Plaintiff's allegations are entirely conclusory and fail to set forth specific facts showing that a defendant or any of them caused Plaintiff's continued confinement or prosecution.

The Tenth Circuit has held that "specificity is particularly important in a complaint alleging malicious prosecution." *Id.* at 1312. Due to the nature of such a claim, many different individuals could be drawn in, but while "a wrongful arrest could be the first step towards a malicious prosecution[,]" "the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Id.* (citations omitted). Here, the amended complaint is devoid of any factual allegations concerning each individual defendant. Simply put, the amended complaint does not tell us "who is alleged to have done what to whom." *Id.* (quoting *Robbins*, 519 F.3d at 1250). Such defects are especially concerning here given that Plaintiff has sued supervisory individuals.

---

that Plaintiff has failed to state a claim alleging malicious prosecution even viewing his claim as one for a violation of substantive due process, the court declines to address this argument.

When a plaintiff has "sued several officers in their supervisory roles, reciting their titles and official duties without alleging specific wrongdoing," the "claims fail[] as a matter of law, because under 42 U.S.C. § 1983, government officials may not be held vicariously liable for the conduct of their subordinates." *Atkins v. Sweetwater County Sheriff's Office*, 2012 WL 580575, at * 2 (10th Cir. Feb. 23, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The court finds that the amended complaint fails to state a claim under § 1983 for a violation of his substantive due process rights. As Plaintiff has failed to allege a violation by any individual Defendant, the county cannot be liable on this claim. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002).

### E. State Law Claim Against County

Finally, the only remaining claim is the state law malicious prosecution claim against Douglas County. Plaintiff's claim against Douglas County is also subject to dismissal because it fails to state a claim. Plaintiff has not set forth a plausible claim in that his claim is entirely conclusory and does not set forth facts showing that Defendant caused his continued incarceration and that the criminal action was not supported by probable cause.

### F. Opportunity to Amend

Plaintiff requests an opportunity to amend his complaint to cure any deficiencies and to provide sufficient notice under K.S.A. § 12-105b. (Doc. 22 at 7, 10.) With respect to the notice deficiency, such defects typically result in dismissal without prejudice for lack of jurisdiction. *See Richard*, 2012 WL 4794588, at *7. Further, with respect to the § 1983 claims, Defendants argue that such claim is barred under the statute of limitations and the time period for filing was not tolled due to the state notice requirement. (Doc. 27 at 5) (citing *Kwofie v. Hagemeister*, 2002 WL 1796269 at *1 (D. Kan. July 1, 2002). Defendants' argument regarding the interplay of the state

notice provisions and § 1983, however, was raised in the reply brief and Plaintiff has not had an opportunity to respond.

In sum, the court will grant Defendants' motions to dismiss without prejudice and stay entry of the judgment. Plaintiff will be allowed 120 days to file an amended complaint in order to comply with the state notice statute, should he choose to do so. Plaintiff's amended complaint cannot assert a claim against Branson in his official capacity as it is barred on the basis of sovereign immunity.

### IV. Conclusion

Defendants' motions (Doc. 13, 19) are granted. Judgment will be stayed for 120 days. Plaintiff is granted the opportunity to correct the deficiencies noted herein by filing an amended complaint within 120 days of this order. Should Plaintiff fail to file an amended complaint or choose to refile his action in state court, judgment dismissing the action without prejudice will be entered without further notice.

IT IS SO ORDERED. Dated this 6th day of September, 2023.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE